FILED
CLERK U.S. DISTRICT COURT

APR 3 0 2010

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

In The United States District Court
for the Central District of California
Western Division

Gregory   Island
           Petitioner,

V.                              Civil Action No.   Cv-10-01653-JFW
                                Criminal Docket No. Cr-94-878-JFW

United States of America
           Respondent,

*4/30/10 Motion For Reconsideration is denied.*

ORDER on:

_____

Verified Motion for Reconsideration Order and Judgement

_____

To:   The Honorable John F. Walter, U.S. District Court Judge:

        Pursuant to Rule 59(e) of The Federal Rules of Civil Procedure,
The Petitioner Gregory  Island appearing as pro se representation and
hereby respectfully Move This Most Honorable Court to Reconsider This
Court's April 13, 2010 Order and Judgement Denying The Petitioner's
meritorious 28 USC § 2255 Motion to Vacate Judgement for Want of
Jurisdiction. Thus on the grounds that This Courts Order and Judgement
is premature, clearly erroneous, offend due process of law and MUST be
VACATED and CORRECTED to prevent a miscarriage of Justice.

In that on March 5, 2010, The Petitioner's Meritorious 28 USC § 2255 **Motion to Vacate Judgement for Want of Jurisdiction** was filed in this court under Docket No. CV-10-01653-JFW, thus seeking an Order from This Most Honorable Court to vacate its previous Judgement imposing a Second Term of Supervised Release upon Petitioner who's offense was committed prior to September 14, 1994, In that Petititoner offense was committed on December 14, 1993 charged in a One Count Indictment under 21 USC § 841(A)(1).

On March 11, 2010 This Court issued an order after considering The Respondent's Ex parte Application for extension of Time to file a Response in Opposition to Petitioner's Motion to VACATE, This Court Granted The Government's Motion for an Extension from March 24, 2010 to April 7, 2010.

As of April 23, 2010, The Government's Attorney has failed to file any Opposition to Petititoner's Motion to Vacate Judgement for Want of Jurisdiction. Therefore the Government failed to plead and/or defend against the Petitioner's Motion to Vacate Judgement for Want of Jurisdiction after an order by This court along with an extension of time to file the government's response to court order.

On March 11, 2010 this court granted the government extension of time to file a response to Petitioner's Motion to vacate from March 24, 2010 until April 7, 2010, in which the government failed to comply with this Court's Order and therefore abandon the government opportunity to plead and/or defend against the petitioner's Motion to Vacate for Want of Jurisdiction.

-2-

It is an abuse of this court discreation to issue an Order denying the Petitioner's Meritorious Motion to Vacate Judgement for Want of Jurisdiction, thus when the government has been ordered to filed opposition to Petitioner's Motion and has failed to plead and/or defend against Petitioner Motion to Vacate Judgement for Want of Jurisdiction.

It is clear and indisputable that this court's April 13, 2010 Order and Judgement denying the Petitioner Motion to Vacate Judgement for Want of Jurisdiction is clearly erroneous, contrary to law, offend due process of law and must be Vacate to prevent a miscarriage of justice. In that due process prohibit this court from issuing any Order to deny the moving party meritorious Motion for Relief when the non-moving party failed to plead and/or defend against the moving party meritious claim for relief.

Under the law Rule 59(e) of the Federal Rules of Civil Procedure provides efficient mechanism by which that trial court judge can correct otherwise erroneous judgement without implicating appellate process and any Motion which enables trial judges to reconsider validity of the judgement and to vacate or alter as he sees fit is valid. See **Clipper Express v. Rocky Mt. Motor Tariff Bureau**, 674 F.2d 1252. reported at (9 th Cir. 1982) 690 F.2d 1240.

It is an abuse of this court's discretion for this court to deny the petitioner Motion to Vacate Judgement for Want of Jurisdiction when the facts and law in support of petitioner claim is irrefutable on its merits and the government failed to comply with court order and abandon it right to plead or defend against petitioner claim.

This court has overlooked and/or misapprehended the facts and law that This Court does not have the power to impose an additional term of supervised release following a defendant;s incarceration for violating the condition of his orginal release. In U.S. v. Truss, 4 F.3d 437(6 th Cir. 1993) This Court helded that Eight of our sister circuits have addressed this issue and to date, seven of those courts have determined on competing rationales that a district court does not have the power to impose an addition term of supervised release following incarceration for violating a condition of orginal release. **See the following opinion** U.S. v. Behnezhad, 907 F.2d 896(9 th cir. 1990); U.S. v. Williams, 958 F.2d 337(11 th Cir. 1992); U.S. v. McGee, 981 F.2d 271(7 th Cir. 1992); U.S. Koehler, 973 F.2d 132(2 nd Cir. 1992); U.S. Holmes, 954 F.2d 270(5 th Cir. 1992); U.S. V. Cooper, 962 F.2d 339(4 th Cir. 1992); U.S. v. Rockwell, 984 F.2d 1112(10 th Cir,), cert. denied, ___US___, 113 S.Ct.2945, 124 L.Ed.2d 693(1993). These Courts have helded that while an additional term of supervised release may be in the best interests of an orderly administration of justice, no additional term of supervised release is permitted bu **18 USC § 3583(e)(3).**

Once a term of supervised release has been revoked under § 3583(e)(3), there is nothing left to extend, modify, reduce, or enlarge under § 3583(e)(2)

The file and record in this above entitle case confirm that the petitioner offense was committed December 14, 1993, and Petitioner has the right to be sentenced under the law which is in effect at the time his offense occurred which was December 14, 1993.

-4-

It is clear and indisputable that the failure of the government to file opposition to Petitioner Motion to Vacate Judgement for want of jurisdiction, after being ordered by this court requires Judgement to be in petitioner favor. In that the government failed to dispute Petitioner factual allegation and determine that a genuine material issue was in dispute.

Wherefore, in the interest of justice the Petitioner hereby Move This Court to  Reconsider, Vacate and Correct it's April 13, 2010 Order and Judgement Denying Petitioner Motion to Vacate Judgement for Want of Jurisdiction, which same said order is premature, clearly erroneous, offend due process of law and must be vacated and Corrected.

### Verification

I Certify under the penalty of perjury pursuant to 28 USC § 1746, that the foregoing facts as stated above herein are true and correct to the best of my knowledge and belief. **Execute this 26ᵗʰ day of April 2010.**

Gregory Island
02966-112
Federal Correction Institution
P.O.  Box  3000
Anthony, N.M./Texas
          88021-9897

### Certificated of Service

I certify that I have this 26ᵗʰ day of April 2010, mailed One copy of Petitioner Verified Motion for Reconsideration of Order and Judgement and Mailed to the attorney for the Respondent E.M. Estrada-Assistant U.S. Attorney-312 N. Spring Street-Los Angeles, California  90012.

Gregory Island      02966-112

-5-